### JIM HICKMAN v. THE STATE.

No. 10700. Delivered February 9, 1927.

**Burglary—Evidence—Held Insufficient.**

Where, on a trial for burglary, the evidence disclosed that a burglary of a house was committed on March 28. and an automobile casing, rim and inner tube, and other articles, were taken. The casings, etc., were discovered some three weeks later in possession of a negro preacher named Monroe Lewis, who testified that he bought the casing, etc., from appellant on

the 7th day of April, following the burglary, witness fixing the date of the purchase positively. It was shown conclusively that appellant was confined in the county jail from April 4th until after the 7th of April. This evidence is not sufficient to support the verdict.

Appeal from the District Court of Lamar County. Tried below before the Hon. Geo. P. Blackburn, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*B. B. Sturgeon* of Paris, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of burglary, and his punishment assessed at two years in the penitentiary.

The record discloses that the prosecuting witness Cargile testified that on the night of March 28, 1926, his garage was burglarized and an automobile casing, rim and inner tube constituting a spare tire, were stolen, together with his battery and tools; that within about three weeks thereafter he identified the casing, rim and tube, which were then in the possession of a deputy sheriff, by means of a nail puncture in the casing and inner tube. The state relied for a conviction largely upon the testimony of Monroe Lewis, a negro preacher, from whom the casing, rim and tube were recovered and who testified that prior to the fourth Sunday in March, 1926, which was the 27th, the appellant approached him relative to selling him an automobile casing; that on the 7th day of April following the appellant again took the matter up with him, and that after examining the casing and rim he purchased same from appellant; and that the property was delivered to him by appellant on that day, April 7, 1926. This witness positively testified that the appellant delivered the property to him on said date, stating that when first approached by appellant concerning the sale of an automobile casing, he informed appellant that he had no money and would not have any until after filling his appointment to preach on the fourth Sunday in March; the witness also fixed the date of the delivery of said property by a snow, which, according to his testimony, fell on April 6, 1926. The record discloses that this witness and the appellant were not very intimately acquainted with each other and had only been thrown together on one or two occasions prior to the alleged sale and delivery

of the property in question.  The appellant took the stand in his own behalf and denied any knowledge of the alleged burglary, or of any transaction with the witness Lewis concerning the sale of said property.  Appellant further testified that he was in jail in the city of Paris at the time of the alleged sale and delivery of the property to the witness Lewis; that he was arrested on April 4th and placed in jail, and remained in jail continuously thereafter until the date of the trial.  In this contention appellant was corroborated by the testimony of the deputy sheriff M. S. Carpenter to the effect that he thought the appellant was put in jail on April 4th and that he had been there continuously ever since.  W. C. Philley testified that he was jailer during the months of March and April, 1926, and introduced his books which showed—and the witness so testified— that the appellant was placed in jail on April 4, 1926, and had been confined therein continuously from that time until the date of the trial.

The record discloses two bills of exception.  The first bill complains of the refusal of the court to instruct the jury to return a verdict of not guilty on account of the insufficiency of the testimony.  The other bill complains of the refusal of the court to grant appellant a new trial on account of refusing said instructed verdict and on account of the evidence being insufficient to sustain the verdict.  After a very careful examination of this entire record, we have reached the conclusion that the judgment of the trial court should be reversed and remanded on account of the insufficiency of the testimony; and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.